IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. _____

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROGER J. STONE;

NYDIA B. STONE, individually and as trustee for the Bertran Family Revocable Trust;

BERTRAN FAMILY REVOCABLE TRUST;

DRAKE VENTURES LLC;

BROWARD COUNTY;

RUSSELL HARRIS;

GALLERIA LOFTS CONDOMINIUM ASSOCIATION, INC.;

GALLERIA LOFTS LLC.

    Defendants.

## COMPLAINT

1. Plaintiff, the United States of America, brings this civil action to reduce to judgment and collect unpaid federal income tax liabilities owed by Defendants Roger J. Stone and Nydia B. Stone (collectively "Roger and Nydia Stone" or "the Stones") for the years 2007 through 2011 and 2018. Drake Ventures LLC ("Drake Ventures") is liable for these tax liabilities as an alter ego of the Stones. Similarly, the United States asserts a claim against the Bertran Family Revocable Trust ("Bertran Trust"), which holds title to the condominium where the

Stones reside— (the "Stone Residence")—as their nominee. Alternatively, the United States seeks an order setting aside the transfer of the Stone Residence to the Bertran Trust as fraudulent. Lastly, the United States seeks a declaration that federal tax liens that arose upon assessment of the taxes described below are valid and enforceable against all property and rights to property belonging to the Stones, Drake Ventures and the Bertran Trust, including the Stone Residence. The other defendants are named as parties who may have an interest in the Stone Residence.

2. This action is authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States in accordance with 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

4. Defendants Roger and Nydia Stone are husband and wife. They reside in Fort Lauderdale, Florida at the Stone Residence, which is located in Broward County, within the jurisdiction of this Court. The legal description of the Stone Residence is:

> Unit 1045-101, GALLERIA LOFTS, A CONDOMINIUM, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded under Instrument No. 114640058, as amended and/or supplemented from time to time, of the Public Records of Broward County, Florida.

5. Bertran Trust is a Florida revocable trust that was established on March 5, 2019. Nydia Stone is both the sole grantor and sole trustee. Nydia Stone and the Stones' two children, Adria Stone and Scott Stone, are the beneficiaries of the Bertran Trust.

6. Drake Ventures is a Delaware limited liability company. Drake Ventures is registered in Florida as a foreign limited liability company. Nydia Stone is the registered agent and manager of Drake Ventures. The principal address and mailing address for Drake Ventures is the Stone Residence. Roger and Nydia Stone each have a 50% interest in Drake Ventures.

7. Broward County is a governmental entity empowered to collect state and local taxes. Broward County is named as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the Stone Residence.

8. Russell Harris ("Harris") is a mortgagee of the Stone Residence. The mortgagors are Nydia Stone, Roger Stone, and Nydia Stone as trustee for the Bertran Trust. Harris is named as a party pursuant to 26 U.S.C. § 7403(b) because he has or may claim an interest in the Stone Residence.

9. Galleria Lofts Condominium Association, Inc. is a Florida not for profit corporation with a principal business address of 1025 NE 18th Avenue, Fort Lauderdale, Florida 33304. This corporation is named as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the Stone Residence.

10. Galleria Lofts LLC is a Florida limited liability company with a principal business address of 2385 NW Executive Center Drive, Suite 370, Boca Raton, Florida 33431. It is listed in the Declaration of Condominium for the property that includes the Stone Residence. Galleria Lofts LLC is named as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the Stone Residence.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities accrued and continue to accrue in this district; the Stones reside in this district; and the Stone Residence is located in this district.

## COUNT I: FEDERAL INCOME TAXES
### (Roger and Nydia Stone)

12. For each of the years 2007 through 2011, Roger and Nydia Stone filed joint federal income tax returns but did not pay in full the amount of the income taxes they reported as due. For each of those years, a delegate of the Secretary of the Treasury, in accordance with the internal revenue laws, assessed against the Stones taxes, as well as applicable penalties and interest, on the dates and in the amounts shown below:

**Table 1: Roger and Nydia Stone – Income Tax Assessments, Penalties and Interest**

| TAX YEAR | ASSESSMENT DATE | AMOUNT | TYPE OF ASSESSMENT | BALANCE DUE* |
|---|---|---|---|---|
| **2007** | 8/3/2009 | $205,410.00 | TAX | **$447,171.51** |
| | | $9,349.00 | NON-PRE-PAYMENT PENALTY | |
| | | $46,217.25 | LATE FILING PENALTY | |
| | | $16,432 | LATE PAYMENT PENALTY | |
| | | $15,864.56 | INTEREST | |
| | 11/12/2012 | $34,919.70 | LATE PAYMENT PENALTY | |
| | 9/12/2016 | $82,845.15 | INTEREST | |
| | 9/9/2019 | $59,647.43 | INTEREST | |
| | 11/16/2020 | $22,335.02 | INTEREST | |
| **2008** | 5/17/2010 | $480,525.00 | TAX | **$655,668.01** |
| | | $8,069.00 | NON-PRE-PAYMENT PENALTY | |
| | | $108,118.12 | LATE FILING PENALTY | |
| | | $33,636.75 | LATE PAYMENT PENALTY | |
| | | $26.173.82 | INTEREST | |
| | 11/14/2011 | $79,286.62 | LATE PAYMENT PENALTY | |
| | 9/12/2016 | $84,981.22 | LATE PAYMENT PENALTY | |
| | 9/9/2019 | $79,907.77 | INTEREST | |
| | 11/16/2020 | $32,687.46 | INTEREST | |
| **2009** | 11/22/2010 | $215,837.00 | TAX | **$244,749.62** |
| | | $3,447.00 | NON-PRE-PAYMENT PENALTY | |
| | | $4,633.48 | LATE PAYMENT PENALTY | |
| | | $2,839.56 | INTEREST | |
| | 10/22/2012 | $13,578.00 | ADDITIONAL TAX | |
| | 11/12/2012 | $24,461.54 | LATE PAYMENT PENALTY | |
| | 9/12/2016 | $31,915.54 | INTEREST | |

4

|      |            |            |                     |              |
|------|------------|------------|---------------------|--------------|
|      |            | $2,681.65  | LATE PAYMENT PENALTY |              |
|      | 9/9/2019   | $29,743.48 | INTEREST            |              |
|      |            | $577.07    | LATE PAYMENT PENALTY |              |
| **2010** | 11/14/2011 | $124,682.00 | TAX              | $223,969.74  |
|      |            | $2,674.00  | NON-PRE-PAYMENT PENALTY |          |
|      |            | $4,363.87  | LATE PAYMENT PENALTY |              |
|      |            | $2,787.22  | INTEREST            |              |
|      | 9/12/2016  | $21,669.13 | INTEREST            |              |
|      |            | $26,806.63 | LATE PAYMENT PENALTY |              |
|      | 9/9/2019   | $27,295.71 | INTEREST            |              |
|      | 11/16/2020 | $11,165.71 | INTEREST            |              |
| **2011** | 12/31/2012 | $131,349  | TAX                 | $18,803.01   |
|      |            | $1,292.01  | NON-PRE-PAYMENT PENALTY |          |
|      |            | $1,021.41  | LATE FILING PENALTY |              |
|      |            | $475.45    | LATE PAYMENT PENALTY |              |
|      |            | $236.61    | INTEREST            |              |
|      | 9/12/2016  | $1,474.42  | INTEREST            |              |
|      |            | $1,844.80  | LATE PAYMENT PENALTY |              |
|      | 9/9/2019   | $2,291.57  | INTEREST            |              |
|      |            |            | **TOTAL: $1,590,361.89** |          |

\* Total balance due as of April 2, 2021, plus further interest and statutory additions as allowed by law less any abatements and credits, including for payments received.

13. A delegate of the Secretary of the Treasury properly gave notice to Roger and Nydia Stone of the unpaid liabilities described in paragraph 12.

14. Despite notice and demand for payment, Roger and Nydia Stone have failed and refused to pay the entire amount of the liabilities described in paragraph 12.

15. Taking into account all payments, credits, and abatements, as of April 2, 2021, Roger and Nydia Stone jointly and severally owe $1,590,361.89 in unpaid income taxes, penalties, and interest for tax years 2007 through 2011, plus further interest and statutory additions that continue to accrue.

16. Pursuant to 26 U.S.C. § 6502, the United States generally has 10 years from the date of assessment to bring a proceeding in court to collect an unpaid tax.

5

17. Although the Stones' tax liabilities for the years 2007–2009 were assessed over 10 years ago, the limitations period to commence this suit was tolled by their submission of an offer in compromise to the IRS and requests to the IRS to enter into an installment agreement to pay those taxes.

18. The IRS was prohibited from collecting by levy the Stones' income tax liabilities for the years 2007 through 2009 while these offer in compromise and requests to enter into an installment agreement were pending. As a matter of law, the limitations period to collect those taxes was tolled during those times and this Complaint is, therefore, timely.

### COUNT II: FEDERAL INCOME TAXES
### (Roger Stone)

19. For year 2018, Roger Stone filed his federal income tax return as a married individual filing separately from his spouse, but he did not pay in full the taxes he reported. On August 17, 2020, a delegate of the Secretary of the Treasury, in accordance with the internal revenue laws, assessed against Roger Stone tax, as well as applicable penalties and interest, in the amounts shown below:

**Table 2: Roger Stone – Income Tax Assessments, Penalties and Interest**

| TAX YEAR | ASSESSMENT DATE | AMOUNT | TYPE OF ASSESSMENT | BALANCE DUE* |
|---|---|---|---|---|
| **2018** | 8/17/2020 | $351,522.00 | TAX | **$407,036.84** |
| | | $8,022.65 | NON-PRE-PAYMENT PENALTY | |
| | | $61,092.45 | LATE FILING PENALTY | |
| | | $23,079.37 | LATE PAYMENT PENALTY | |
| | | $21,119.23 | INTEREST | |
| | | | **TOTAL:** | **$407,036.84** |

20. A delegate of the Secretary of the Treasury properly gave notice to Roger Stone of the unpaid liability described in paragraph 19.

21. Despite notice and demand for payment, Roger Stone has failed and refused to pay the entire amount of the liability described in paragraph 19.

22. Taking into account all payments, credits, and abatements, as of April 2, 2021, Roger Stone owes $407,036.84 in income tax, penalties, and interest for tax year 2018, plus further interest and statutory additions that continue to accrue.

### COUNT III: ALTER EGO LIABILITY
### (Drake Ventures)

23. The United States restates the allegations in paragraphs 1 through 22, which are incorporated here by reference as if fully set forth herein.

24. Under both Florida law and federal common law, Drake Ventures is an alter ego of the Stones.

25. The Stones dominated and controlled Drake Ventures to such an extent that it does not exist as an independent entity.

26. Drake Ventures has no website and no phone number.

27. Drake Ventures' managing member is Nydia Stone. The address listed for Drake Ventures is the address of the Stone Residence. All members of Drake Ventures are family members (Roger Stone, Nydia Stone, and Scott Stone). Only these family members have signature authority over Drake Ventures' bank accounts. Drake Ventures maintains bank accounts at Wells Fargo, the same financial institution at which the Stones maintain personal bank accounts.

28. Drake Ventures has twice been administratively dissolved by the Florida Secretary of State. Corporation Service Company resigned as its registered agent in Florida in August 2015. Nydia Stone is the current registered agent for Drake Ventures.

29. The Stones caused numerous checks naming Roger Stone as payee to be deposited into Drake Ventures' accounts. They also transferred funds from their personal bank accounts to Drake Ventures' accounts. The total of these checks and wire transfers for the years 2018 and 2019 exceeds $1 million. By depositing and transferring these funds into the Drake Ventures' accounts instead of their personal accounts, the Stones evaded and frustrated the IRS's collection efforts.

30. The Stones used Drake Ventures' bank accounts to pay a substantial amount of their personal expenses, including groceries, dentist bills, spas, salons, clothing and restaurant expenses.

31. The Stones also used Drake Ventures' bank accounts to pay some of their personal tax liabilities. The Stones paid over $500,000 of their personal tax liabilities from Drake Ventures' accounts during the years 2018 and 2019.

32. The Stones used Drake Ventures to pay Roger Stone's associates, their relatives, and other entities without providing the required Forms 1099-MISC (Miscellaneous Income) or W-2s (Wage and Tax Statement).

33. The Stones caused Drake Ventures to transfer $140,000 to Attorney's Preferred Title Inc. in February 2019 as a down payment to purchase the Stone Residence.

34. Although they used funds held in Drake Ventures accounts to pay some of their taxes, the Stones' use of Drake Ventures to hold their funds allowed them to shield their personal income from enforced collection and fund a lavish lifestyle despite owing nearly $2 million in unpaid taxes, interest and penalties.

35. These facts demonstrate that the Stones used Drake Ventures for an improper purpose and harm the United States. They used Drake Ventures to receive payments that are

payable to Roger Stone personally, pay their personal expenses, shield their assets, and avoid reporting taxable income to the IRS.

36. There is a unity of interest between the Stones and Drake Ventures, which does not exist as a distinct entity. Rather, Drake Ventures exists as a vehicle to receive income that belongs to the Stones and pay their personal expenses. Indeed, the Stones treat Drake Ventures' assets as their own.

37. Recognizing Drake Ventures as a separate entity despite these facts would sanction the Stones' attempts to evade their tax obligations and conceal their assets from collection by creditors.

38. As the Stones' alter ego, Drake Ventures is liable for the taxes described in Counts I and II, above.

## COUNT IV: FRAUDULENT TRANSFER
### (Transfer to Bertran Trust)

39. The United States is a creditor of the Stones, who owe nearly $2 million in unpaid federal taxes.

40. In May 2017, the Stones entered into an installment agreement with the IRS that required them to pay $19,485 each month toward their unpaid taxes. They made these payments each month from a Drake Ventures' Wells Fargo account.

41. Roger Stone was indicted on January 24, 2019, and the indictment was unsealed on January 25, 2019.

42. After Roger Stone's indictment, the Stones created the Bertran Trust and used funds that they owned via their alter ego, Drake Ventures, to purchase the Stone Residence in the name of the Bertran Trust.

43. During this process of purchasing their residence, the Stones remained in compliance with their installment agreement with the IRS, making payments of a $19,485 to the IRS on January 28, 2019 and February 28, 2019 from a Drake Ventures' Wells Fargo account.

44. On February 25, 2019, and again on February 28, 2019, the Stones authorized transfers of $70,000 from a Drake Ventures' Wells Fargo account to Attorney's Preferred Title Inc.

45. On March 5, 2019, the Stones established the Bertran Trust.

46. On March 22, 2019, the Stones purchased the Stone Residence in the name of the Bertran Trust for $525,000. The Stones used the $140,000 they transferred from a Drake Ventures' Wells Fargo account as a down payment for this purchase. No assets of the Bertran Trust were used to purchase the Stone Residence.

47. In addition to the down payment, Nydia Stone (both individually and as trustee of the Bertran Trust) and Roger Stone granted a mortgage on the Stone Residence in the amount of $393,650 to Harris.

48. On March 27, 2019, the Certificate of Trust for the Bertran Trust was recorded at the Broward County Courthouse.

49. The next day, March 28, 2019, the Stones failed to make their scheduled $19,485 monthly installment payment to the IRS. As a result of the default, the IRS terminated its installment agreement with the Stones.

50. In May 2019, Nydia Stone obtained an Employer Identification Number for the Bertran Trust by filing form SS-4 with the IRS.

51. On May 24, 2019, the Stones opened three bank accounts in the name of the Bertran Trust at Wells Fargo. Nydia Stone has signature authority for these accounts.

52. The Stones intended to defraud the United States by maintaining their assets in Drake Ventures' accounts, which they completely controlled, and using these assets to purchase the Stone Residence in the name of the Bertran Trust.

53. The Stones' purchase of the Stone Residence using funds they held in the Drake Ventures' Wells Fargo account is marked by numerous badges of fraud. They include:

   a. The Stones were in substantial debt to the United States at the time of the transfer, rendering them insolvent at the time of the transfer and unable to pay their debt to the United States;

   b. The Stones faced the threat of litigation. Roger Stone had just been indicted;

   c. The Stones anticipated that the United States would resort to enforced collection of their unpaid tax liabilities once they defaulted on their monthly installment payments to the IRS;

   d. There is a close family relationship between the Stones and both Drake Ventures and the Bertran Trust. The Stones control both entities. The Stones each own 50% of Drake Ventures. Nydia Stone is grantor and trustee of the Bertran Trust. Nydia Stone and her two children are the trust beneficiaries.

54. The Stones reside at the Stone Residence. Drake Ventures received no consideration for the transfer of $140,000 from Drake Ventures' accounts for the purchase of the Stone Residence. The Stones received no consideration from the Bertran Trust for the titling of the Stone Residence in the name of the trust.

55. Therefore, the Stone Residence was fraudulently conveyed to the Bertran Trust.

## COUNT V: NOMINEE LIABILITY
### (Bertran Trust)

56. The Bertran Trust holds the Stone Residence as a nominee of the Stones.

57. The Stones exercise dominion and control over the assets of the Bertran Trust, including the Stone Residence. Nydia Stone, as trustee of the Bertran Trust, controls and dominates the trust and its assets.

58. The Stones are the sole residents of the Stone Residence. Nydia Stone lists the Stone Residence as her homestead property on the Certification of Trust that is filed in Broward County (Instrument No. 115701333).

59. The Stones transferred assets to the Bertran Trust by using their assets (which were held in a Drake Ventures account) to purchase the Stone Residence while titling the Stone Residence in the name of Nydia Stone as trustee for the Bertran Trust, in anticipation of the IRS taking steps to collect their unpaid taxes. They purchased the residence shortly after Roger Stone's indictment and placed it in the name of the Bertran Trust just prior to defaulting on their installment agreement with the IRS. The Stones have long owed back taxes, and they have been parties to numerous installment agreements, some of which were terminated by the IRS. They were aware that their default would result in IRS collection activity.

60. The Bertran Trust paid no consideration for the Stone Residence.

61. The Bertran Trust is closely held by the Stone family. Nydia Stone is the sole grantor and trustee, and the beneficiaries are all immediate family members. Nydia Stone is the sole person with signature authority for Bertran Trust's bank accounts.

62. As the Stones' nominee, the Bertran Trust is liable for the taxes described in Counts I and II, above.

**COUNT VI: DECLARATORY JUDGMENT – FEDERAL TAX LIENS**
**(All defendants)**

63. The United States restates the allegations in paragraphs 1 through 62, which are incorporated by reference as if fully set forth herein.

64. The United States seeks a declaratory judgment that the federal tax liens that arose upon assessment of the taxes described above are valid and enforceable against all property and rights to property belonging to the Stones, Drake Ventures and the Bertran Trust, including the Stone Residence.

65. Federal tax liens arose on the dates of assessment described in paragraph 12 and attached to all of the Stones' property and rights to property, including the property of their alter ego Drake Ventures and the Stone Residence held by their nominee Bertran Trust.

66. Likewise, Federal tax liens arose on the date of assessment described in paragraph 12 and attached to all of Roger Stone's property and rights to property.

67. Nydia Stone, as a beneficiary and grantor with right of revocation for the Bertran Trust, has rights and interest in the Bertran Trust that constitute property or rights to property to which the tax liens against the Stones attach.

68. As the Stones' alter ego, the federal tax liens that arose upon assessment attached to all property and rights to property belonging to Drake Ventures, including the funds used to purchase the Stone Residence. Upon that purchase, the tax liens that attached to those funds attached to the Stone Residence.

69. A delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien with the Miami-Dade County Clerk of Courts as follows:

**Table 3: Notices of Federal Tax Lien for Miami-Dade County**

| Tax Period(s) Ending | File No. | Type of Tax | Date of Filing | Defendant(s) |
|---|---|---|---|---|
| 12/31/2007 12/31/2008 | 2010 R 719422 | 1040 | October 22, 2010 | Roger Stone Nydia Stone |
| 12/31/2009 | 2010 R 859958 | 1040 | December 27, 2010 | Roger Stone Nydia Stone |

| Tax Period(s) Ending | Instrument No. | Type of Tax | Date of Filing | Defendant(s) |
|---|---|---|---|---|
| 12/31/2010 | 2012 R 77996 | 1040 | February 3, 2012 | Roger Stone Nydia Stone |
| 12/31/2011 | 2013 R 67193 | 1040 | January 25, 2013 | Roger Stone Nydia Stone |
| 12/31/2007 12/31/2008 | 2020 R 536552 | 1040 | September 22, 2020 | Roger Stone Nydia Stone |
| 12/31/2007 12/31/2008 | 2020 R 600750 | 1040 | October 21, 2020 | Roger Stone Nydia Stone |
| 12/31/2009 | 2020 R 739138 | 1040 | December 22, 2020 | Roger Stone Nydia Stone |

70. On July 8, 2020, a Certificate of Release of Federal Tax Lien (file no. 2020 R 374146) and Revocation of Release of Federal Tax Lien (file no. 2020 R 374043) were filed in reference to the NFTL with file no. 2010 R 719422. On August 27, 2020, a Revocation of Release of Federal Tax Lien (file no. 2020 R 481201) were filed in reference to this NFTL.

71. On October 21, 2020, a Withdraw of Filed Notice of Federal Tax Lien was filed (file no. 2020 R 600751) in reference to the NFTL with file no. 2020 R 536552.

72. A delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien with the Broward County Clerk of Courts as follows:

**Table 4: Notices of Federal Tax Lien for Broward County**

| Tax Period(s) Ending | Instrument No. | Type of Tax | Date of Filing | Defendant(s) |
|---|---|---|---|---|
| 12/31/2007 12/31/2008 12/31/2009 12/31/2010 12/31/2011 | 112300813 | 1040 | May 21, 2014 | Roger Stone Nydia Stone |
| 12/31/2007 12/31/2008 | 116677718 | 1040 | August 19, 2020 | Bertran Trust (Nominee) |

14

| Date | Instrument No. | Form | Filed | Taxpayer |
|---|---|---|---|---|
| 12/31/2009<br>12/31/2010<br>12/31/2011 | | | | Roger Stone<br>Nydia Stone |
| 12/31/2007<br>12/31/2008<br>12/31/2009<br>12/31/2010<br>12/31/2011 | 116677719 | 1040 | August 19, 2020 | Drake Ventures (alter ego) |
| 12/31/2007<br>12/31/2008 | 116741643 | 1040 | September 18, 2020 | Roger Stone<br>Nydia Stone |
| 12/31/2007<br>12/31/2008 | 116797578 | 1040 | October 15, 2020 | Roger Stone<br>Nydia Stone |
| 12/31/2007<br>12/31/2008<br>12/31/2009<br>12/31/2010<br>12/31/2011 | 116888791 | 1040 | November 25, 2020 | Drake Ventures (alter ego) |
| 12/31/2007<br>12/31/2008<br>12/31/2009<br>12/31/2010<br>12/31/2011 | 116888792 | 1040 | November 25, 2020 | Bertran Trust (Nominee) |
| 12/31/2009 | 116910949 | 1040 | December 8, 2020 | Roger Stone<br>Nydia Stone |
| 12/31/2009 | 116910950 | 1040 | December 8, 2020 | Bertran Trust (nominee) |
| 12/31/2009 | 116910951 | 1040 | December 8, 2020 | Drake Ventures (alter ego) |

73. On August 18, 2020, a Revocation of Release of Federal Tax Lien was filed (instrument no. 116675444) in reference to the NFTL with instrument No. 116677718.

15

74. On October 15, 2020, a Withdraw of Filed Notice of Federal Tax Lien was filed (instrument no. 116797580) in reference to the NFTL with instrument No. 116677718.

75. Also on October 15, 2020, a Withdraw of Filed Notice of Federal Tax Lien was filed (instrument no. 116797579) in reference to the NFTL with instrument No. 116741643.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. That the Court enter judgment in favor of the United States and against Roger and Nydia Stone and Drake Ventures (as alter ego of the Stones) in the amount of $1,590,361.89 as of April 2, 2021, plus interest and statutory additions as allowed by law, for unpaid income tax liabilities for tax years 2007 through 2011;

B. That the Court enter judgment in favor of the United States and against Roger Stone and Drake Ventures (as alter ego of Roger Stone) in the amount of $407,036.84 as of April 2, 2021, plus interest and statutory additions as allowed by law, for unpaid income tax liabilities for tax year 2018;

C. That the Court award pre and post judgment interest in favor of the United States and against the Stones and Drake Ventures, *see* 28 U.S.C § 1961(c);

D. That the Court set aside the transfer of the Stone Residence to the Bertran Trust as fraudulent and declare that the Stone Residence belongs to Roger and Nydia Stone;

E. Alternatively, that the Court declare that the Bertran Trust holds the Stone Residence as a nominee of Roger and Nydia Stone;

F. That the Court declare that the tax liens that arose upon assessment of the taxes owed by Roger and Nydia Stone are valid and enforceable against all of the property and interest

    in property held by the Stones, Drake Ventures, and the Bertran Trust, including the Stone Residence;

G.  That the United States have such other and further relief as the Court may deem just and proper.

Date:  April 16, 2021

Respectfully submitted,

David A. Hubbert
Acting Assistant Attorney General

By:

**Christopher J. Coulson**
CHRISTOPHER J. COULSON
Florida Special Bar No. A5502672
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 353-0061
Facsimile:  (202) 514-4963
Christopher.J.Coulson@usdoj.gov

*Of Counsel*

JUAN ANTONIO GONZALEZ
United States Attorney