UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:21-cv-60825-RUIZ/STRAUSS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER J. STONE; NYDIA B. STONE, individually
and as trustee for the Bertran Family Revocable Trust;
BERTRAN FAMILY REVOCABLE TRUST;
DRAKE VENTURES LLC; BROWARD COUNTY,
RUSSELL HARRIS; GALLERIA LOFTS
CONDOMINIUM ASSOCIATION, INC.; and
GALLERIA LOFTS LLC.

    Defendants.
_____/

## BROWARD COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Broward County (the "County"), a political subdivision of the state of Florida, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers the allegations of the Complaint filed by the United States of America. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## ANSWER

1. The County admits the allegation in paragraph 1 of the complaint in that the County has an interest in the Stone Residence pursuant to section 197.122(1), Florida Statutes. The County is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and they are therefore denied.

2. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2, and they are therefore denied.

3. The County admits the allegations in paragraph 3.

1

4. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4, and they are therefore denied.

5. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5, and they are therefore denied.

6. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6, and they are therefore denied.

7. The County admits the allegations in paragraph 7.

8. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8, and they are therefore denied.

9. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9, and they are therefore denied.

10. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10, and they are therefore denied.

11. The County admits that the property described in the Complaint as the "Stone Residence" is within the Southern District of Florida and that venue is proper in the district. The County is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 11, and they are therefore denied.

## COUNT I: FEDERAL INCOME TAXES
### (Roger and Nydia Stone)

12. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12, they are therefore denied.

13. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13, they are therefore denied.

14. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14, they are therefore denied.

15. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15, they are therefore denied.

16. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, they are therefore denied.

17. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17, and they are therefore denied.

18. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18, and they are therefore denied.

## COUNT II: FEDERAL INCOME TAXES
### (Roger Stone)

19. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19, and they are therefore denied.

20. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20, and they are therefore denied.

21. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and they are therefore denied.

22. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and they are therefore denied.

## COUNT III: ALTER EGO LIABILITY
### (Drake Ventures)

23. The County incorporates by reference its responses to paragraphs 1 through 22 as if fully set forth here.

24. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24, and they are therefore denied.

25. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25, and they are therefore denied.

26. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26, and they are therefore denied.

27. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27, and they are therefore denied.

28. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28, and they are therefore denied.

29. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29, and they are therefore denied.

30. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30, and they are therefore denied.

31. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31, and they are therefore denied.

32. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32, and they are therefore denied.

33. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33, and they are therefore denied.

34. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34, and they are therefore denied.

35. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35, and they are therefore denied.

36. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36, and they are therefore denied.

37. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37, and they are therefore denied.

38. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38, and they are therefore denied.

## COUNT IV: FRAUDULENT TRANSFER
### (Transfer to Bertran Trust)

39. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39, and they are therefore denied.

40. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40, and they are therefore denied.

41. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41, and they are therefore denied.

42. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42, and they are therefore denied.

43. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43, and they are therefore denied.

44. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44, and they are therefore denied.

45. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45, and they are therefore denied.

46. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46, and they are therefore denied.

47. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47, and they are therefore denied.

48. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48, and they are therefore denied.

49. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49, and they are therefore denied.

50. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50, and they are therefore denied.

51. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51, and they are therefore denied.

52. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52, and they are therefore denied.

53. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 (nor any subparagraph thereof), and they are therefore denied.

54. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54, and they are therefore denied.

55. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55, and they are therefore denied.

**COUNT V: NOMINEE LIABILITY**
**(Bertran Trust)**

56. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56, and they are therefore denied.

57. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57, and they are therefore denied.

58. The County admits that instrument no. 115701333 in the Official Records of Broward County is labeled as a Certificate of Trust and that this instrument states that the property described in the Complaint as the Stone Residence is the homestead of Nydia Stone. The County

is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 58, and they are therefore denied.

59. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59, and they are therefore denied.

60. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60, and they are therefore denied.

61. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61, and they are therefore denied.

62. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62, and they are therefore denied.

### COUNT VI: DECLARATORY JUDGMENT – FEDERAL TAX LIENS
### (All Defendants)

63. The County incorporates by reference its responses to paragraphs 1 through 62 as if fully set forth here.

64. The County admits that the United States seeks declaratory judgment as stated in paragraph 64. The County is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 64, and they are therefore denied.

65. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65, and they are therefore denied.

66. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66, and they are therefore denied.

67. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67, and they are therefore denied.

68. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68, and they are therefore denied.

69. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69, and they are therefore denied.

70. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70, and they are therefore denied.

71. The County is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71, and they are therefore denied.

72. The County admits that the United States recorded the instruments listed in paragraph 72 in the Official Records of Broward County, but the County is without knowledge sufficient to form a belief as to the truth of the statements contained in those instruments. The County denies that the instruments were filed with the Broward County Clerk of Court because the County, and not the Clerk of Court, is the custodian of the Official Records of Broward County. The County is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 72, and they are therefore denied.

73. The County admits that the United States recorded the instruments mentioned in paragraph 73 in the Official Records of Broward County, but the County is without knowledge sufficient to form a belief as to the truth of the statements contained in those instruments. The County is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 73, and they are therefore denied.

74. The County admits that the United States recorded the instruments mentioned in paragraph 74 in the Official Records of Broward County, but the County is without knowledge sufficient to form a belief as to the truth of the statements contained in those instruments. The County is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 74, and they are therefore denied.

75. The County admits that the United States recorded the instruments mentioned in paragraph 75 in the Official Records of Broward County, but the County is without knowledge sufficient to form a belief as to the truth of the statements contained in those instruments. The County is without knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 75, and they are therefore denied.

## **AFFIRMATIVE DEFENSE**

Any lien the United States may possess in the property described in the Complaint as the Stone Residence is subordinate to the County's tax lien under both Florida and federal law. The County, in its capacity as tax collector, holds a "first lien, superior to all other liens" upon the property described in the Complaint as the Stone Residence. *See* § 197.122(1), Fla. Stat. Moreover, under federal law, the Internal Revenue Service's liens do not prime local governmental liens for taxes or special assessments when such liens are entitled to priority under local law. 26 U.S.C. § 6323(b)(6).

WHEREFORE, the County takes no position as to the United States' entitlement to relief against any other party, but regardless of the outcome of this case, the County requests that its statutory lien priority be preserved.

Dated: May 3, 2021

Respectfully Submitted,

Andrew J. Meyers
Broward County Attorney
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By: *s/ Scott Andron*
Scott Andron, Fla. Bar No. 112355
sandron@broward.org
*Counsel for Broward County*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on May 3, 2021, and that service was performed via an email generated by the by the CM/ECF system to all counsel of record listed in the below Service List.

By: *s/ Scott Andron*
Scott Andron, Fla. Bar No. 112355

**SERVICE LIST**

Christopher J. Coulson
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 29944
Telephone: (202) 353-0061
Email: Christopher.J.Coulson@usdoj.gov
*Attorney for Plaintiff*