UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA;<br><br>    *Plaintiff*,<br><br>v.<br><br>ROGER J. STONE, *et al.*,<br><br>    *Defendants*. | Case No: 1:21-cv-60825-RUIZ/Strauss |

**STONE DEFENDANTS' UNOPPOSED MOTION FOR NINTEY (90) DAY STAY**

Defendants Roger Stone, Nydia Stone, Bertran Family Revocable Trust, and Drake Ventures LLC ("the Stone Defendants") file this Motion to stay this case for ninety (90) days. This Motion is made pursuant to Federal Rule of Civil Procedure 6(b) and the Court's inherent authority to manage the cases on its docket.

Doctors at University of Miami Sylvester Cancer Center in Hollywood recently diagnosed Nydia Stone with an aggressive form of Stage IV cancer that has spread to multiple locations, including her lungs. Ms. Stone was hospitalized shortly after her diagnosis, released, and hospitalized again while her doctors conducted various tests and determined what treatment options, if any, might be available. Ms. Stone was released from the hospital again on June 10, and has started a course of treatment, but others may be necessary. Her short-term prognosis and health remain uncertain.

Ordinarily, shortly after service of process is effected, defendants in a civil suit must file an answer, agree to various discovery and pretrial deadlines, and otherwise start defending the case. Nydia Stone's recent diagnosis renders her and her husband, Defendant Roger Stone, unable to meaningfully participate in the case as they focus on the immediacy of Ms. Stone's health.

1

The Stone Defendants accordingly request this stay to permit them time to work with Ms. Stone's doctors to effectuate and evaluate the treatment plan and chart a path forward.

### I. Motion to Stay Standard

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Rule 6(b) further permits the Court to extend any deadlines imposed by the Federal Rules and its orders for good cause. "A request for extension, made before the expiration of a deadline, should be granted where good cause is shown." *Sensi v. Florida Officers of Court*, 737 App'x 433, 436 (11th Cir. May 31, 2018). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed); *see also Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016) (adopting this standard and determining that a district court abused its discretion by denying a request for extension of time).

### II. Analysis

The Court should exercise its discretion to grant a ninety (90) day stay in this matter. Nydia Stone's recent diagnosis profoundly impairs the Stone Defendants' ability to participate in this litigation. This impact is especially acute now, so soon after her diagnosis, before all available treatments are known, evaluated, and scheduled. Moreover, the requested stay is unopposed.

    **A.  Nydia Stone's recent diagnosis profoundly impairs her ability to participate in this litigation.**

Nydia Stone is the wife of Defendant Roger Stone. She serves as trustee of Defendant Bertran Family Revocable Trust. She is the registered agent and manager of Defendant Drake Ventures, LLC. Ms. Stone has principal responsibility for the family's finances as well as those of

Drake Ventures, and so her involvement in the defense of this case is imperative. Her extremely recent diagnosis affects her ability to devote necessary attention to this case.

Given Ms. Stone's diagnosis and recent hospitalization, she is currently unable to meaningfully participate in the immediate task of preparing and filing an answer. It impairs her ability to work with counsel to go through the various allegations in the government's complaint, to obtain and review financial and other records as might be needed to investigate and respond to the allegations, and to review drafts of the answer. For the same reasons, she is likewise unable to engage in the broader task of preparing a defense and discovery.

Her short-term prognosis over the next month or more is unknown. She has begun treatment. The trajectory of her course of treatment is also highly likely to impair her ability to participate in the case. The side effects of cancer treatment can be significant and greatly impair a person's ability to complete day-to-day tasks. Ms. Stone cannot commit to deadlines and dates relevant to a Rule 26(f) scheduling order, nor can she participate in a defense of this case until she knows more about her treatment in the coming weeks and months.

Mr. Stone is likewise focused on his wife's health and care and this sudden change to their lives. This significantly impairs his ability to participate in the case, including an answer, preparation of a defense and discovery. Given that Ms. Stone was principally involved in the family's finances and has information that may be relevant to his defense, her inaccessibility during this time directly affects his ability to prepare a defense. He is of course also impacted by his wife's treatment plan as he remains one of her primary caretakers.

**B.    A stay will not prejudice the Government or any of the non-Stone defendants.**

Permitting the Stone Defendants ninety (90) days to get their bearings and more fully understand Nydia Stone's immediate future would not prejudice the Government. The issues in

this case are not new and are not urgent. Defendants have agreed to preserve all of their ESI and provide government counsel the contact information that they have for Russell Harris so that efforts to serve him can continue during the stay.

The Government brings this case to reduce *existing* tax assessments against the Stones to judgment that date back as many as fourteen years, to 2007. This suit appears to have been brought now only because the 26 U.S.C. § 6502(1) requires the IRS to collect taxes within ten (10) years of their assessment, and this period was about to expire.[1] The Complaint says as much. [*See* DE 1 at ¶¶16–17.]

However, the relevant date for the purpose of this limitations period is the initiation of this suit. Staying the litigation after the case is commenced will not affect that deadline. Granting a stay in this litigation will merely preserve the status quo.

It is important to note also that the Stones have not willfully shirked their tax obligations. This matter concerns the tax years 2007–2012 and 2018. All other tax years, the Stones have filed and paid as required. More importantly, the Complaint itself acknowledges that the Stones timely filed their 2007–2012 and 2018 returns. [*See* DE 1 at ¶12, 19.]  However, finding themselves unable to pay their reported taxes at the end of the year, the Stones—as have many Americans—worked with the IRS on payment, initiating Offers in Compromise and requesting installment agreements. They have endeavored to honor these obligations. In 2018 and 2019, the Stones paid the IRS over $500,000 towards the liabilities underlying this suit. [DE 1 at ¶31.]

Further, this case itself is in an early stage. The Government has not yet served all defendants. No scheduling order has been entered. The parties have diligently conferred pursuant

---

[1] Although 2007 would be beyond a ten-year statute of limitations, this period can be tolled as the government has alleged is the case for the Stones. [DE 1 at ¶17.]

to Rule 26(f), but the Stone Defendants need additional time to confer prior to the submittal of a Rule 26(f) report, for the reasons set forth in this motion.[2] Thus, the requested stay will not affect any presently scheduled court deadlines or trial settings.

Finally, a word must be said about the additional, non-Stone Defendants in this suit. The Government appears to have added these individuals in a nominal capacity due to their perceived interest in one of the Stone Defendants' assets: the home in which Nydia and Roger Stone live. These Defendants do not appear to be involved in the primary substantive issues in the government's complaint. They would suffer no prejudice from the Court's decision to grant this Motion, and do not object to the stay. It is the Stones that are the principal defendants.

### III. Exceptions to the requested Stay.

The Stone Defendants have conferred with the United States and are in agreement that the following activities should not be stayed:

(1) Subpoenas by the United States to Wells Fargo and Paypal (including service, discussions with the subpoena targets, and receipt of responsive documents and information);

(2) Service attempts and filing of proof of service (if successful) for Defendant Harris;

(3) Filing of motions by the non-Stone Defendants requesting dismissal and/or leave for limited participation in this litigation

---

[2] Counsel for the Stone Defendants and the Government conferred on June 3, June 9, and June 10 concerning Defendants' request for a stay. The Stone Defendants have not been able to meaningfully participate in a Rule 26(f) conference for the reasons stated in this Motion. The Stone Defendants and the United States therefore request leave to continue conferring and to submit a Rule 26(f) report within 14 days after the end of the stay, if one is granted.

WHEREFORE, the Stone Defendants request that:

A.  The Court enter an order staying this case (including a stay of the parties Rule 26(f) report and Defendants' obligation to respond to the Complaint), for ninety (90) days, excluding from the stay the litigation activities set forth herein in Section III;

B.  That the Court grant leave for the parties to continue conferring under Rule 26(f) and submit a Rule 26(f) report within 14 days of the end of the partial stay.

C.  Notwithstanding the stay, the Court permit (1) service of subpoenas on Wells Fargo and PayPal; (2) service of process on Defendant Russell Harris, the sole defendant who has not yet been served; and (3) the filing of motions by non-Stone defendants for dismissal or to limit their obligations to participate in this litigation, and responses to any such motion.

D.  The Court further order the parties to file a joint status report before the expiration of this 90-day period.

### Local Rule 7.1(a)(3) Conference Certification

Counsel for the Stone Defendants have conferred with counsel for the Government and the remaining defendants. Broward County has consented to the relief requested in this Motion. The United States does not oppose the granting of the relief requested in this motion.

//
//
//
//
//
//
//

| | |
|---|---|
| Dated: June 15, 2021 | Respectfully submitted, |
| **MARCUS NEIMAN RASHBAUM & PINEIRO LLP** | **FOGARTY MUELLER HARRIS, PLLC** |
| */s/ Derick Vollrath* | */s/ Brian Harris* |
| **Jeffrey Neiman** | **Brian R. Harris** |
| Florida Bar. No. 544469 | brian@fmhlegal.com |
| jneiman@mnrlawfirm.com | FL Bar No. 512001 |
| **Derick Vollrath** | 100 E. Madison Street |
| Florida Bar No. 126740 | Suite 2020 |
| dvollrath@mnrlawfirm.com | Tampa, FL 33602 |
| 100 Southeast Third Avenue, Ste. 805 | Telephone: (813) 682-1720 |
| Fort Lauderdale, FL 33394 | |
| Telephone: (954) 462-1200 | *Counsel for Stone Defendants* |
| Facsimile:  (954) 688-2492 | |

*Counsel for Stone Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 15, 2021, I filed the foregoing document through the Court's CM/ECF system which has caused service to be made upon all counsel of record in this case.

*/s/ Derick Vollrath*

7