UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; *Plaintiff*, v. ROGER J. STONE, *et al.*, *Defendants*. | Case No: 1:21-cv-60825-RUIZ/Strauss |

### STONE DEFENDANTS' MOTION TO EXTEND THE STAY

On June 17, 2021, the Court granted an unopposed motion filed by Defendants Roger Stone, Nydia Stone, Bertran Family Revocable Trust, and Drake Ventures LLC ("the Stone Defendants") to stay this case for ninety days. As the Stone Defendants stated in their motion, Nydia Stone was recently diagnosed with an aggressive form of Stage IV cancer and had recently started a course of treatment.

Ms. Stone is continuing treatments with the final medical treatment being scheduled for mid-September. The effects of the medical treatments are debilitating and impair her ability to complete day-to-day tasks, let alone participate in the defense of this case. Moreover, the effects of Ms. Stone's last medical treatment, as well as the cumulative effects of her entire course of treatment, may take several weeks to reasonably subside before she can start to participate in this defense of this case.

Because Ms. Stone was principally involved in the business' and family's finances, her ability to participate in the defense of this case is important to all the Stone Defendants. Counsel for the Stone Defendants would need to communicate with Ms. Stone in even basic tasks such as

1

setting a case schedule, which would necessarily involve discussion of discovery issues and timelines involving Ms. Stone, and other tasks such as preparing and filing an answer.

Ms. Stone has diagnostic tests scheduled for mid-October, and she expects to learn in the weeks following more information about her intermediate prognosis and whether more treatment will be necessary. The Stone Defendants recognize that this case cannot be stayed indefinitely, and at some point if more treatment is necessary or her prognosis remains uncertain, the Stone Defendants will have to move forward as best they can to defend this case even if Ms. Stone cannot fully participate in the defense.

The Stone Defendants believe a good demarcation point is October 31, 2021. This will give Ms. Stone time to finish her course of medical treatment and for the effects of her medical treatment to subside to some extent where she might then be able to participate in the case. It will also allow her time to undergo the additional diagnostic testing set for mid-October and receive the results, at which point Ms. Stone and the other Stone Defendants will have a better understanding of what level of participation she might be anticipated to have in the case going forward.

This knowledge will also assist counsel for the Stone Defendants in cooperating with the government to create a case schedule, discuss various discovery issues, and ultimately to move forward with the litigation. The anticipated path forward likely differs depending on whether the Stone Defendant's might anticipate her participation in the defense or whether her continuing health issues make her involvement less likely. Thus, it would benefit all parties to have this information as they discuss a schedule and potential discovery issues.

The Stone Defendants do not believe that an additional stay of approximately six weeks, through October 29, 2021, would prejudice the government in any meaningfully way. However,

resuming the case, discussing a case schedule and discovery issues, and preparing and filing an answer without Ms. Stone's participation would have a much more significant impact on the Stone Defendants and their ability to defend the case.

Therefore, the Stone Defendants ask that the Court extend the stay until October 31, 2021, at which point the Court should direct that the case automatically reopen unless a further motion to continue the stay is filed. However, at this time and based on currently available information, the Stone Defendants do not anticipate filing a further motion to extend the stay regardless of the results of Ms. Stone's further diagnostic testing in mid-October.

WHEREFORE, the Stone Defendants request that:

A. The Court enter an order extending the stay in this case, including the parties' Rule 26(f) conference and Defendants' obligations to respond to the Complaint, through and including October 31, 2021.

**Local Rule 7.1(a)(3) Conference Certification**

Counsel for the Stone Defendants have conferred with counsel for the Government and the remaining defendants. Counsel for the Government and Broward County do not oppose the relief sought herein. Counsel for Galleria Lofts Condominium Association, Inc. did not respond to counsel's inquiry.

| | |
|---|---|
| Dated: September 13, 2021 | Respectfully submitted, |
| **MARCUS NEIMAN RASHBAUM & PINEIRO LLP** | **FOGARTY MUELLER HARRIS, PLLC** |
| /s JEFFREY A. NEIMAN<br>**Jeffrey Neiman**<br>Florida Bar. No. 544469<br>jneiman@mnrlawfirm.com<br>**Derick Vollrath**<br>Florida Bar No. 126740<br>dvollrath@mnrlawfirm.com<br>100 Southeast Third Avenue, Ste. 805<br>Fort Lauderdale, FL 33394<br>Telephone: (954) 462-1200<br>Facsimile: (954) 688-2492<br><br>*Counsel for Stone Defendants* | /s BRIAN R. HARRIS<br>Brian R. Harris<br>brian@fmhlegal.com<br>FL Bar No. 512001<br>100 E. Madison Street<br>Suite 2020<br>Tampa, FL 33602<br>Telephone: (813) 682-1720<br><br>*Counsel for Stone Defendants* |

## CERTIFICATE OF SERVICE

I certify that on September 13, 2021, I filed the foregoing document through the Court's CM/ECF system which has caused service to be made upon all counsel of record in this case.

*/s/ JEFFREY A. NEIMAN*