UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-cv-60825-RAR

UNITED STATES OF AMERICA

    Plaintiff

vs.

ROGER J. STONE, *et al.*

    Defendants.

_____/

## ANSWER OF DEFENDANTS ROGER J. STONE, NYDIA B. STONE, NYDIA B. STONE AS TRUSTEE OF THE BERTRAN FAMILY REVOCABLE TRUST AND DRAKE VENTURES, LLC

Defendants Roger J. Stone, Nydia B. Stone, Nydia B. Stone as Trustee of the Bertran Family Revocable Trust, and Drake Ventures, LLC, file this Answer to the Government's Complaint against them.

## INTRODUCTION

This case would never have been brought if it didn't involve Roger Stone. The Stones have been upfront with the IRS about their income, assets, and liabilities. They have filed appropriate returns. And they have consistently shared information with the IRS necessary to evaluate and reach agreement upon any required payment arrangements. The IRS, however, has refused to engage with the Stones. Instead, it has filed this suit despite the Stones' good faith efforts.

The Stones had an installment agreement with the IRS until 2019. Such payment plans are a normal device available to and used by many Americans who are unable to pay a large end-of-year tax bill. Pursuant to this installment agreement, the Stones faithfully paid thousands of dollars every month to the IRS.

1

By 2019, however, Mr. Stone had become ensnared in Special Counsel Robert Mueller's investigation into Russian interference in the 2016 United States Presidential Election. The Mueller investigation produced no charges related to any collusion between either Stone or the Trump Campaign and Russia. Indeed, recently unredacted portions of the Mueller Report reveal that the Government lacked any evidence that Stone engaged in any improper conduct in connection with the 2016 campaign. But the Mueller investigation sprawled, and Stone was charged with certain "process" crimes—that is, crimes that relate not to the subject matter of the investigation, but with an individual's response to the investigation itself. The Stone residence was the subject of a famously televised pre-dawn raid by the FBI, and Stone was ultimately tried and convicted.

President Donald Trump, however, granted Stone a full and unconditional pardon on December 23, 2020. The President did so after publicly identifying the Mueller investigation as undertaken in bad faith from the start and questioning the fundamental fairness of Mr. Stone's trial.

Still, as the Government knows, the process itself can be the punishment. The Mueller investigation and subsequent trial nearly bankrupted Stone. He accordingly became unable to make the payments called for by his IRS installment agreement, and the Government withdrew it. Once the Mueller investigation and resulting trial concluded, the Stones' tax counsel proactively reached out to the IRS to begin discussions about resuming a payment plan. The Government ignored these efforts, however. Instead, just four months after Stone's pardon, it filed this suit. It did so without the courtesy of notice to tax counsel engaged by the Stones for many years.

## ANSWER TO GOVERNMENT'S ALLEGATIONS

Defendants answer Plaintiff's complaint as follows:

1. Defendants admit that the United States brings this action. Defendants deny all remaining allegations in this paragraph.

2. Defendants lack knowledge as to the allegations in ¶2.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants admit that Broward County is a governmental entity that collects state and local taxes. Defendants lack knowledge as to the remaining allegations in ¶7.

8. Defendants admit that Russell Harris is a mortgagee of the Stone Residence and that the mortgagors are Nydia Stone, Roger Stone and Nydia Stone as trustee for the Bertran Trust. Defendants lack knowledge as to the remaining allegations in ¶8.

9. Defendants lack knowledge as to the allegations in ¶9.

10. Defendants lack knowledge as to the allegations in ¶10.

11. Defendants admit that venue is proper in this Court, that the Stones reside in this district, and that the Stone Residence is located in this district. Defendants deny any remaining allegations in ¶11.

### COUNT I: FEDERAL INCOME TAXES
### (Roger and Nydia Stone)

12. Defendants admit that Roger and Nydia Stone filed joint income tax returns for the 2007-11 tax years and that outstanding balances remain on the income taxes reported on those returns. Defendants lack knowledge as to the remaining allegations in ¶12.

13. Defendants lack knowledge as to the allegations in ¶13.

14. Defendants admit outstanding balances remain on their 2007-11 tax returns. Defendants deny that they refused to pay the outstanding tax liabilities. Defendants lack knowledge as to the remaining allegations in ¶14.

15. Defendants lack knowledge as to the allegations in ¶15.

16. Admitted.

17. Defendants admit that their 2007-09 tax liabilities were assessed more than ten years ago and that there was some tolling of the statute of limitations for collection due to the submission of an offer-in-compromise and requests for an installment agreement. Defendants deny any remaining allegations in ¶17.

18. Defendants admit that the IRS is prohibited from collecting tax liabilities while a request for an offer-in-compromise or installment agreement is pending. Defendants are without knowledge as to whether the Complaint is timely. Defendants deny any remaining allegations in ¶18.

**COUNT II: FEDERAL INCOME TAXES**
**(Roger Stone)**

19. Defendants admit that Roger Stone filed a separate income tax return for 2018 and that an outstanding balance remains on the income tax reported on that return. Defendants lack knowledge of the remaining allegations in ¶19.

20. Defendants lack knowledge as to the allegations in ¶20.

21. Defendants admit an outstanding balance remains on Roger Stone's 2018 tax return. Defendants deny that Roger Stone refused to pay the outstanding tax liability. Defendants lack knowledge as to the remaining allegations in ¶21.

22.     Defendants lack knowledge as to the allegations in ¶22.

## COUNT III: ALTER EGO LIABILITY
### (Drake Ventures)

23.     No response to this statement is required.  To the extent a response is required, Defendants repeat their responses to ¶¶1 to 22.

24.     Denied.

25.     Denied.

26.     Admitted.

27.     Defendants admit that Nydia Stone is Drake Ventures's managing member, that the address used for Drake Ventures is the Stones' address, that Roger and Nydia Stone are the only members, that Nydia has signature authority over Drake Ventures' bank accounts and that Drake Ventures maintains bank accounts at Wells Fargo where the Stones also hold accounts.  Defendants deny any remaining allegations in ¶27.

28.     Defendants deny that Drake Ventures has ever been administratively dissolved by the Florida Secretary of State.  Pursuant to F.S. Ch. 605, only domestic LLCs are subject to administrative dissolution by the Florida Secretary of State.  Drake Ventures is a foreign LLC that has a certificate of authority to transact business in Florida.  Pursuant to F.S. § 605.0908, a foreign LLC that has a certificate of authority to transact business in Florida may have that certificate administratively revoked if it does not timely file annual reports or maintain a registered agent.

A foreign LLC whose certificate of authority has been administratively revoked may apply for reinstatement which shall be granted if the application for reinstatement contains the necessary information along with any required fees and penalties.  Pursuant to F.S. § 605.0909(4), the reinstatement relates back to and takes effect as of the effective date of the revocation of authority,

and the foreign LLC may resume its activities in Florida as if the revocation of authority had not occurred.

Defendants admit that Corporation Service Company has not been the registered agent for Drake Ventures since 2015 and that Nydia Stone is the current registered agent. Defendants deny any remaining allegations in ¶28.

29.   Defendants admit that Roger Stone deposited checks into Drake Ventures's accounts and that the Stones transferred funds from their personal bank account to Drake Ventures's accounts. There was no nefarious purpose to these deposits and transfers. When requested, the government has at all times been provided information on Drake Ventures's finances.

Roger Stone uses Drake Ventures to conduct his consulting work and other business ventures. Income received from Mr. Stone's business activities is therefore properly attributable to Drake Ventures. From time to time, clients of Drake Ventures might make checks out to Mr. Stone personally rather than to Drake Ventures. Those checks are nevertheless deposited into Drake Ventures' bank accounts and reported as income on its federal income tax returns. Because Drake Venues is treated as a partnership for federal income tax purposes and the only members are Roger and Nydia Stone, any income attributable to Drake Ventures flows through to Roger and Nydia Stone. These are normal business operations and not part of any attempt to evade or frustrate the Service's collection efforts. Defendants deny any remaining allegations in ¶29.

30.   Defendants admit that from time to time, and for convenience, Drake Ventures would directly pay the Stones' personal expenses. Such amounts were properly accounted for by Drake Ventures in its books and records and on its federal income tax returns. Drake Ventures did

not deduct these amounts on its federal income tax returns, and such amounts were treated as income to the Stones. Defendants deny any remaining allegations in ¶30.

31. Defendants admit that from time to time, and for convenience, Drake Ventures paid the Stones' personal tax liabilities. As previously described in ¶30, these amounts were accounted for by Drake Ventures in its books and records and on its federal income tax returns. Drake Ventures did not deduct these amounts on its federal income tax returns, and these amounts were treated as income to the Stones. Defendants deny any remaining allegations in ¶31.

32. Denied.

33. Admitted. As previously described in ¶¶30-31, this amount was accounted for by Drake Ventures in its books and records and on its federal income tax returns. Drake Ventures did not deduct this amount on its federal income tax return, and it was treated as income to the Stones.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT IV: FRAUDULENT TRANSFER
### (Transfer to Bertran Trust)

39. Defendants admit that the United States is a creditor of the Stones. Defendants lack knowledge as to the remaining allegations in ¶39.

40. Admitted.

41. Admitted.

42. Denied.

43. Admitted.

44. Admitted.

45. Admitted.

46. On March 22, 2019, the Bertran Trust purchased the Stone Residence for $525,000. The Bertran Trust used $140,000 that had been transferred from Drake Ventures' Wells Fargo account as a down payment for the purchase. This money was treated as a distribution to the Stones from Drake Ventures, and in turn a contribution to the Bertran Trust. Defendants deny any remaining allegations in ¶46.

47. Admitted.

48. Admitted except that the Certificate of Trust was recorded in the Official Records of Broward County, Florida.

49. Defendants admit that they were unable to make their scheduled installment payment on March 28, 2019. Defendants lack knowledge as to the remaining allegations in ¶49.

50. Admitted.

51. Nydia Stone opened two bank accounts in the name of Bertran Trust as Wells Fargo, and she had signature authority for these accounts. Defendants deny any remaining allegations in ¶51.

52. Denied.

53. Denied.

54. Defendants admit that Roger and Nydia Stone reside at the Stone Residence. As previously described, amounts from Drake Ventures used for the purpose of the residence were properly accounted for by Drake Ventures in its books and records and on its federal income tax

returns. Drake Ventures did not deduct these amounts on its federal income tax returns, and such amounts were treated as income to the Stones. Defendants deny any remaining allegations in ¶54.

55. Denied.

### COUNT V: NOMINEE LIABILITY
### (Bertran Trust)

56. Denied.

57. Defendants admit that Nydia Stone is the trustee of the Bertran Family Revocable Trust and that she exercises the powers and duties of trustee with respect to the trust. Defendants deny the remaining allegations in ¶57.

58. Admitted.

59. Purchasing the residence through the Bertran Trust, a revocable trust, is a common estate planning technique. As previously described, any monies taken out of Drake Ventures for this purchase were not deducted by Drake Ventures and were treated as income to the Stones. The Stones admit that they have outstanding tax liabilities and had entered into installment agreements to address those liabilities. Defendants deny the remaining allegations in ¶59.

60. Denied.

61. Defendants admit that Nydia Stone is the grantor, trustee and beneficiary of the Bertran Family Revocable Trust, and that Nydia Stone has sole signatory authority on the trust's bank accounts. Defendants deny any remaining allegations in ¶61.

62. Denied.

### COUNT VI: DELCARATORY JUDGMENT – FEDERAL TAX LIENS
### (All defendants)

63. No response to this statement is required. To the extent a response is required, Defendants repeat their responses to ¶¶1 to 62.

64. Defendants lack knowledge about the allegations in ¶64.

65. Denied.

66. Denied.

67. Admitted.

68. Denied.

69. Defendants lack knowledge about the allegations in ¶69.

70. Defendants lack knowledge about the allegations in ¶70

71. Defendants lack knowledge about the allegations in ¶71

72. Defendants lack knowledge about the allegations in ¶72.

73. Defendants lack knowledge about the allegations in ¶73.

74. Defendants lack knowledge about the allegations in ¶74.

75. Defendants lack knowledge about the allegations in ¶75.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against the United States, deny the United States all the relief requested in its complaint, and grant Defendants such other relief as justice might require.

## **JURY DEMAND**

Defendants demand a jury trial on all issues so triable.

Dated: November 22, 2021

Respectfully Submitted,

/s/ Brian R. Harris
Brian R. Harris
FL Bar No. 512001
**FOGARTY MUELLER HARRIS, PLLC**
100 E. Madison St., Ste. 202
Tampa, FL 33602
813-682-1720 (phone)
brian@fmhlegal.com

Jeffrey A. Neiman
Florida Bar No. 544469
Derick Vollrath
Florida Bar No. 126740
**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, FL 33394
954-462-1200 (phone)
jneiman@mnrlawfirm.com

Counsel for Stone Defendants

## CERTIFICATE OF SERVICE

I certify that on November 22, 2021, I filed the foregoing document through the Court's CM/ECF system which has caused service to be made upon all counsel of records in this case.

/s/ Brian R. Harris