IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 0:21-cv-60825-RAR-SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER J. STONE, et al.;

    Defendants.

## JOINT SCHEDULING AND DISCOVERY REPORT

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule 16.1(b)(2), the parties who have appeared in this action to date have conferred about a schedule and discovery plan for this case. The parties jointly inform the Court of the following:

## DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), the parties submit this proposed discovery plan:

a. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

No changes should be made to the types of disclosures required under Rule 26(a). The parties have agreed to exchange their Initial Disclosures by **January 15, 2022**, subject to supplementation as provided by the rules.

b. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Discovery will be needed on all subjects properly framed by the pleadings. This includes Defendants' tax liabilities, each claim set forth in the Complaint, and any defenses thereto.

The parties do not believe that discovery should be conducted in phases such that fact discovery is completed prior to expert discovery.

The parties do not believe that discovery should be limited except as provided by the Federal Rules of Civil Procedure and the Court's rules. The parties believe that discovery should be completed by **September 23, 2022**.

    c.  **Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

The parties disagree as to the manner of collection and production of electronically stored information ("ESI") production.

**United States' Position**

The United States intends to seek ESI from the defendants and (if needed) third parties that is relevant and proportional to its claims. In this regard, Federal Rule of Civil Procedure 34 requires parties to preserve, collect and produce metadata that is associated with relevant ESI. *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, No. 10-62411-CIV, 2012 WL 12837678, at *4 (S.D. Fla. Nov. 7, 2012) *citing Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, 585 (M.D. Fla. 2009), *aff'd in part, quashed in part*, No. 607CV-0222ORL-35KRS, 2009 WL 5606058 (M.D. Fla. Nov. 16, 2009). The United States requested as part of Rule 26(f) discussions in June 2021 that the Stone Defendants provide information on the ESI in their possession, custody, or control with potentially-relevant information, but the Stone Defendants have to date declined to do so. Therefore, the United States requests the following parameters for ESI production. The United States further requests that the parties be permitted to modify these parameters by mutual agreement, or on motion for good cause, as discovery proceeds and as the Stone Defendants provide information regarding their ESI.

**(1) Native files:** The following file types will be produced in their native format: Word, Excel, PowerPoint, database files (e.g., QuickBooks shall be produced in native .QBB or .QBW file format) and the parties agree in good faith to consider other requests for native production to the extent such production could be relevant and proportional to any claim or defense. IRS transcripts and reports derived from IDRS (Integrated Data Retrieval System) will be produced as PDF files.

**(2) Image Quality:** For non-native documents the parties will produce ESI as high-quality image files along with the associated metadata. The United States requests production of multi-page, uniquely and sequentially numbered Group IV TIFF image files at 300 dpi or higher resolution, with corresponding extracted text in separate text files with unique filenames corresponding to each document. The images and text files shall also be accompanied by image cross-referenced load files in a format to be agreed upon by the parties that provides the beginning and ending endorsed number of each document and the number of pages it comprises. The producing party must also provide a data load file that shall contain metadata fields. Every TIFF in each production must be referenced in the corresponding Load File. The total number of TIFF files referenced in a load file within the production should match the total number of images in the production in the format specified.

**(3) E-mail Production:** For e-mail production, parent-child relationships for attachments must be preserved, and natives of e-mail attachments for Word, Excel, and PowerPoint files must be produced.

**(4) Metadata:** Metadata production must include, for non-email: at least fields indicating custodian, author, file location, date of creation, date of last access, file type; and for email: at least the fields "to", "from", "subject", "date", "parent", "child") corresponding to the image files and

the full text files. A producing party may alternatively provide a spreadsheet or equivalent to provide this metadata, and in that case shall explain how the spreadsheet or equivalent was generated.

**(5) Manner of ESI Production:** Document production will be via a predesignated location on the Justice Enterprise File Sharing (JEFS) platform, an online file sharing service for the U.S. Department of Justice, or by e-mail as encrypted attachments, or other mutually-agreeable means.

**Stone Defendants' Position**

The Stone Defendants believe that it is premature for the United States to arbitrarily set the form and manner of production of any ESI by the Stone Defendants in this case. Indeed, the comments to Rule 34 specifically state that "the responding party is also involved in determining the form of production." Moreover, the comments also recognize that "different forms of production may be appropriate for different types of electronically stored information," and that "[r]equiring that such diverse types of electronically stored information all be produced in the same form could prove impossible, and even if possible could increase the cost and burdens of producing and using that information."

The Stone Defendants do not have the resources of the Department of Justice. A large organization with an IT department may be able to readily convert emails or other documents to Group IV TIFF image files at 300 dpi or higher resolution, with corresponding extracted text in separate text files with unique filenames corresponding to each document, and to create cross-referenced load files as the government requests. But this is not readily done by private party litigants without IT support. Requiring production in this manner would likely necessitate that the Stone Defendants hire a third-party IT vendor to prepare their production of ESI, something that

would not promote the efficient or cost-effective produce of information. The burden would also be greater if the amount of information that needed to be produced was relatively small.

Any determination about the form of producing ESI is more appropriately made after the issuance of discovery and after identifying responsive ESI and the form in which it is stored. As Rule 34 contemplates, the parties should then confer to reach an agreement on an appropriate form for the production, which again should be based on the form of the information when it is known. If the parties cannot agree, then they can bring the matter before the Court to decide.

    d. **Issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

The parties agree that privilege logs will be provided within 30 days of the response to requests for production. The parties do not believe an order under Federal Rule of Evidence 502 is necessary at this time.

    e. **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed:**

No changes proposed.

    f. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The parties request that the Court order, pursuant to FED. R. CIV. P. 30(b)(4), that depositions in this matter may take place remotely via Zoom or equivalent virtual platform.

## **SCHEDULING REPORT**

Pursuant to Local Rule 16.1(b)(2) the parties submit this joint scheduling report discussing the following:

    a. **The likelihood of settlement:**

The parties are currently discussing settlement. However at this early stage of the case, it is not clear whether those settlement efforts will be fruitful.

b. **The likelihood of appearance in the action of additional parties:**

It is possible that the United States may seek leave to add additional parties if the United States becomes aware of other persons or entities with an interest in the Stone Residence.

Otherwise, parties do not anticipate the appearance of additional parties.

c. **Proposed limits on the time:**

   i. **To join other parties and to amend the pleadings:**

The parties propose that motions to amend and/or join additional parties shall be made by **February 13, 2022**, with the exception of motions to amend the pleadings to conform to the evidence and motions to add additional parties, if required, pursuant to 26 U.S.C. § 7403(b).

   ii. **To file and hear motions:**

The parties do not propose any limits other than those set forth in the joint scheduling order.

   iii. **To complete discovery:**

The parties agree that this case should be assigned to the Standard Track. The parties request until **September 23, 2022** to complete discovery.

d. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The parties need more case development and discovery before addressing proposals for the simplification of issues in this matter. Most defendants have not yet responded to the Complaint.

The parties suggest no changes to the number and timing of motions for summary judgment and partial summary judgment from what is provided in the Federal Rules of Civil Procedure and the Court's Local Rules.

e. **The necessity or desirability of amendments to the pleadings:**

The parties do not anticipate any amendments to the pleadings, unless there is a need to add or change parties for the reasons set forth in the Scheduling Report section (b) above.

f. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The parties will make every effort to stipulate to the authenticity of documents intended to be offered at trial other than impeachment exhibits, and to stipulate as to uncontested facts. To the extent that the parties cannot agree as to authentication issues, the parties agree that an advance ruling by the Court would be helpful.

g. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

In addition to making every effort to stipulate to the authenticity of documents intended to be offered at trial other than impeachment exhibits, and stipulating to uncontested facts, the parties agree that after they exchange their exhibit lists (together with copies of exhibits intended to be offered at trial other than impeachment exhibits) pursuant to Local Rule 16.1(d), they will endeavor to eliminate duplicates based on order of admission or whether the parties agree on a unified exhibit list.

h. **Suggestions on the advisability of referring matters to a magistrate judge or master:**

The parties suggest that discovery matters may be appropriately referred for determination to a Magistrate Judge, with each party retaining the right to object/appeal the Magistrate Judge's recommendations to the District Court Judge.

i. **A preliminary estimate of the time required for trial:**

At this time, the parties estimate that the time required for trial will be three days.

j. **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The parties request a pretrial conference and subsequent trial at the Court's earliest convenience following the close of discovery and the submission of any dispositive motions.

k.  **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

*(i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:*

See section (c) above.

*(ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

No issues

*(iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:*

The parties have not agreed to use the ESI Checklist.

l.  **Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

The United States is in discussions with the remaining 7403(b) defendants as to whether early motions to dismiss or motions to limit the need for these defendants to participate in the litigation are appropriate.

Date:  December 22, 2021

                                                Respectfully submitted,

                                                David A. Hubbert
                                                Deputy Assistant Attorney General

By:

                                                **Christopher J. Coulson**
                                                CHRISTOPHER J. COULSON
                                                Florida Special Bar No. A5502672
                                                Christopher.J.Coulson@usdoj.gov
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 14198
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone:  (202) 353-0061
                                                Facsimile:  (202) 514-4963
                                                Attorney for Plaintiff United States

                                                *Of Counsel*

                                                JUAN ANTONIO GONZALEZ
                                                United States Attorney


                                                /s/ Brian R. Harris
                                                Brian R. Harris
                                                FL Bar No. 512001
                                                **FOGARTY MUELLER HARRIS, PLLC**
                                                100 E. Madison St., Ste. 202
                                                Tampa, FL 33602
                                                813-682-1720 (phone)
                                                brian@fmhlegal.com
                                                *Counsel for the Stone Defendants*

                                                Andrew J. Meyers
                                                Broward County Attorney
                                                115 South Andrews Avenue, Suite 423
                                                Fort Lauderdale, Florida 33301
                                                Telephone: (954) 357-7600
                                                Facsimile: (954) 357-7641

                                                By: *s/ Scott Andron*
                                                Scott Andron, Fla. Bar No. 112355
                                                sandron@broward.org

*Counsel for Broward County*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

*/s/ Christopher J. Coulson*
Trial Attorney
United States Department of Justice, Tax Division