IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60825-RAR

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROGER J. STONE, et al.,

    Defendants.

_____/

**UNOPPOSED MOTION FOR ORDER EXCUSING
DEFENDANT BROWARD COUNTY FROM ACTIVE PARTICIPATION
IN THIS LITIGATION AND INCORPORATED MEMORANDUM OF LAW**

Defendant Broward County submits this *Unopposed Motion for Order Excusing Defendant Broward County from Active Participation in this Litigation* ("Motion") on the grounds that County was named as a nominal party solely on the basis of its tax lien on the personal residence of Defendant Roger J. Stone (the "Stone Residence").

1. Plaintiff United States named Broward County as a defendant pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the Stone Residence. [DE 1, ¶ 7]

2. Broward County filed its Answer to the Complaint on May 3, 2021. [DE 5] In its Answer, Broward County alleges that Broward County's interest in the Stone Residence is superior to the United States' interest. DE 5 at 9, citing § 197.122(1), Fla. Stat.

3. Counsel for the United States agrees that, pursuant to 26 U.S.C. § 6323(b)(6), the United States' tax liens described in the Complaint do not prime Broward County's liens for taxes or special assessments that were properly made pursuant to state and local law.

4. This litigation involves disputes pertaining to the federal income tax liability of defendants Roger and Nydia Stone, a transfer of the Stone Residence to a trust, and other matters not directly involving the County. No relief is sought from the County.

5. The County takes no position as to the United States' entitlement to relief against any other party. The County requests only that its statutory lien priority be preserved. [DE 5 at 9]

6. The case has been scheduled for mediation on April 20, 2022, [DE 44] and trial. The County wishes to avoid the expense of participation in litigation in which it has no disputed interest.

7. This Motion is not for purposes of delay, but rather for conservation of limited government resources.

8. Therefore, Broward County respectfully requests that it be excused from participation in this litigation, including motion practice, mediation, hearings, and trial, except to the extent the proceedings directly involve disposition of the Stone Residence or the County's lien priority.

9. Broward County will continue to monitor progress in the case to ensure that its statutory lien priority is preserved.

**WHEREFORE**, Broward County respectfully requests entry of an Order excusing Broward County from participation in this litigation, except for proceedings that directly involve the disposition of the Stone Residence and Broward County's lien priority.

### Local Rule 7.1(a)(3) Certification

The County has conferred with all parties who may be affected by the relief sought in this Motion pursuant to Local Rule 7.1(a)(3), and the undersigned certifies that no party opposes this motion. More specifically, counsel for the United States, Roger J. Stone, Nydia B. Stone, the

Bertran Family Revocable Trust, Drake Ventures LLC, and Galleria Lofts Condominium Association, Inc., stated that they do not object; Galleria Lofts LLC has been dismissed as a party; and Russell Harris has not made an appearance nor filed any papers in this case.

Dated: March 2, 2022

Respectfully Submitted,

Andrew J. Meyers
Broward County Attorney
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By: *s/ Scott Andron*
Scott Andron, Fla. Bar No. 112355
sandron@broward.org
*Counsel for Broward County*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on March 2, 2022, and that service was performed via an email generated by the CM/ECF system to all counsel of record and via U.S. Mail to Defendant Russell Harris, 6575 Burnside Road, Sebastopol, CA 95472-8402.

By: *s/ Scott Andron*
Scott Andron, Fla. Bar No. 112355