IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 0:21-cv-60825-RAR-SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ROGER J. STONE, et al.;

        Defendants.

**UNITED STATES' MOTION TO COMPEL**

## TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Roger Stone's Response to the United States' Amended First Set of Interrogatories (Nos. 1-15) to Roger Stone |
| B | Roger Stone's Response to the United States' Amended First Set of Interrogatories (Nos. 1-15) to Nydia Stone |
| C | Nydia Stone's Response to the United States' Amended First Set of Request for Production (Nos. 1-16) to Roger Stone |
| D | Nydia Stone's Response to the United States' Amended First Set of Request for Production (Nos. 1-16) to Nydia Stone |
| E | Drake Ventures' Response to the United States' Amended First Set of Interrogatories (Nos. 1-11) to Drake Ventures |
| F | Drake Ventures' Response to the United States' Amended First Set of Requests for Production (Nos. 1-18) to Drake Ventures |
| G | The Bertran Trust's Response to the United States' Amended First Set of Interrogatories (Nos. 1-8) to Bertran Trust |
| H | The Bertran Trust's Response to the United States' Amended First Set of Requests for Production (Nos. 1-16) to Bertran Trust |
| I | April 27, 2022 letter from C Coulson to Counsel for Stone Defendants |
| J | May 12, 2022 e-mail from C Coulson to Counsel for Stone Defendants |

**ARGUMENT**

The United States of America respectfully moves for an order under FED. R. CIV. P. 37(a)(3) compelling Roger Stone, Nadia Stone, Drake Ventures, and the Beltran Trust (collectively, the "Stone Defendants") to answer the discovery requests identified below.

This is a case to collect unpaid federal income taxes owed by Roger and Nydia Stone. The government alleges that the Stones, while owing over a million dollars in back taxes, used Drake Ventures as their alter ego to shield their assets. The government further alleges that, in the face of impending litigation, the Stones fraudulently transferred funds to purchase the Stone Residence, and that the Bertran Trust holds this residence as the Stones' nominee.

The United States' discovery is related to these claims and reasonable in scope. We asked the Stone Defendants, for example, to identify their financial accounts from 2017 to present (Interrogatory No. 1); identify payments made by Drake Ventures of the Stones' personal expenses from 2017 to present (Interrogatory No. 2); and to identify the source of funds used to purchase the Stone Residence (Interrogatory No. 11). Exhibit A at 2-3, 10. The Stone Defendants did not object to relevancy or scope to the vast majority of the interrogatories and requests for production that are the subject of this motion. Instead, the Stone Defendants' include a "preliminary statement" that includes some generalized objections that preserve nothing, *see Whatley v. World Fuel Servs.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020), and they largely ignore the discovery obligations imposed by the Federal Rules of Civil Procedure. In accordance with the court's General Order on Discovery (Doc. 45), we will address only their particularized objections, and the other deficiencies in their responses.

## I.      Interrogatory Responses—Improper Reliance on Rule 33(d): Roger and Nydia Stone (Nos. 1-8, 11-13); Drake Ventures (Nos. 1-11); Bertran Trust (Nos. 1-8)

The Stone Defendants' sole specific objection and response to numerous interrogatories,

to Roger and Nydia Stone (Nos. 1-4 and 11-13); Bertran Trust (Nos. 1-3, 6 and 8); and Drake

Ventures (Nos. 1-4 and 8-11), states:

> Pursuant to Federal Rule of Civil Procedure 33(d), Defendant
> refers the United States to its document production, including
> specifically the documents that the United States obtained from its
> subpoenas to Olesiewicz & DeAquino, PA and Anthony
> DeAquino, from which the answer to this interrogatory may be
> readily determined.
>
> The Stone Defendants have not yet been able to review this
> production, but once the United States makes the documents
> available, the Stone Defendants will review them to determine if
> they possess any responsive documents that have not already been
> produced, and if so, will supplement their answer to this request.

The Stone Defendants may not unilaterally decide to begin their discovery review and

responses until after reviewing documents the United States subpoenaed from third-parties. FED.

R. CIV. P. 26(d)(3); *see also Jones-Graham v. Advance Stores Co.*, No. 14-81411-CIV, 2015 WL

4365317, at *2 (S.D. Fla. July 14, 2015) (granting motion to compel production of video prior to

deposition, where defendant sought to delay production until after deposition). The Stone

Defendants may not make their document production contingent upon receipt and review of

subpoenaed documents. *Boldstar Tech. v. Home Depot USA*, No. 07-80435-CIV, 2008 WL

11320010, at *2 (S.D. Fla. Feb. 28, 2008); *see generally* FED. R. CIV. P. 26(d)(3) (discovery may

be used in any sequence, no requirement to delay discovery based on other discovery); FED. R.

CIV. P. 33(b)(1), (d)(1) (defendants required to search for information). The Stone Defendants

produced only a small set of documents so far that aren't responsive to these interrogatories. The

United States provided the subpoenaed documents on April 21, 2022, but the Stone Defendants

have not updated their responses to specify the documents that provide the answers to the

interrogatories.[1]

In any case, Rule 33(d) applies only when the answers to interrogatories may be found in the business records of the <u>responding party</u>, *LVB-Ogden Mktg. v. Bingham*, No. 2:18-CV-00243-TSZ, 2019 WL 142031, at *5 (W.D. Wash. Jan. 9, 2019), and when the burden of ascertaining the answer to the interrogatory is substantially the same for the United States as it is for defendants. That's not the case, especially with no guidance from the Stone Defendants. For example, the United States asked Roger and Nydia Stone to identify the accountants they've retained since 2007 (Interrogatory No. 12). Exhibit A at 10-11. This is information that it is certainly easier for defendants to compile and provide.

Even if Rule 33(d) applies, the Stone Defendants must state for each interrogatory "the actual documents where the information will be found." *Sundby v. Johnson*, No. 20-CV-81944, 2022 WL 1121762, at *1 (S.D. Fla. Apr. 14, 2022) (internal brackets omitted) (order requiring responding party to identify specific pages and paragraphs of each document claimed to be responsive); *Cayago Americas v. Heinen*, No. 21-CV-61035, 2022 WL 304519, at *1 (S.D. Fla. Jan. 24, 2022) (requiring responding party to "specifically identify the responsive documents via Bates numbers or otherwise" in order to rely on Rule 33(d)); *see also* FED. R. CIV. P. 33(d)(1). Referring generally to a "document production" and subpoenaed records leaves the United States guessing as to the Stone Defendants' response.

---

[1] The Stone Defendants offer no explanation for their failure to secure the subpoenaed documents themselves. The documents in question were provided to the United States by the Stone's agent (their accountant) and thus were, at all times, within the Stone Defendants' possession, custody, and control. *Aluko v. Carnival Corp.*, No. 1:20-CV-21047, 2021 WL 7502575, at *12 (S.D. Fla. July 19, 2021) ("control" is broadly construed and includes documents that a party has the right, authority, or practical ability to obtain.)

II.     **Interrogatory Responses—Vague "personal knowledge of the litigants": Roger and Nydia Stone (Nos. 5-8); Drake Ventures (Nos. 5-7); Bertran Trust (Nos. 4-5)**

The Stone Defendants respond that their basis for various statements is "personal knowledge of the litigants." The United States is entitled to know whose knowledge. The Stone Defendants must candidly and completely respond to the question. *See Donahay v. Palm Beach Tours & Transp.*, 242 F.R.D. 685, 688 (S.D. Fla. 2007). This information is necessary in order for the United States to effectively prosecute its case and plan its discovery.

III.    **Interrogatory Responses—Objection to providing "all documents" that support statements or contentions: Roger and Nydia Stone (Nos. 5-10); Drake Ventures (Nos. 5-7); Bertran Trust (Nos. 4-5)**

The Stone Defendants are required to identify all documents that support various statements made by the Stone Defendants' in their Answer, or in support of their contentions. *Cayago Americas v. Heinen*, No. 21-CV-61035, 2022 WL 304519, at *5 (S.D. Fla. Jan. 24, 2022) (compelling producing party to provide documents to support allegations in specific paragraphs of their pleading). In the interest of addressing the Stone Defendants' scope concerns, however, the United States, on April 27, 2022, narrowed the scope of these interrogatories to request the ***material or principal documents that support the statement (or denial)***. *See United States v. Zolot*, No. 09-61071-CIV, 2010 WL 11549444, at *3 (S.D. Fla. Oct. 1, 2010) (compelling interrogatory responses with this scope limitation). Exhibit I at 4. This scope accords with past precedent and should resolve the Stone Defendants' objection, but they've not identified these documents.

IV.     **Requests for Production—Delaying production based on subpoenas: Roger and Nydia Stone (Nos. 1-11, 13-16); Drake Ventures (Nos. 1-18); Bertran Trust (Nos. 1-2, 5-11, 13-16)**

In response to these requests, the Stone Defendants' sole response and objection is to state:

> Most, if not all, of the requested documents were likely previously produced to the United States in response to its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino. The Stone Defendants have not yet been able to review this production, but

4

> once the United States makes the documents available, the Stone
> Defendants will review them to determine if they possess any
> responsive documents that have not already been produced, and if
> so, will supplement their answer to this request.

As mentioned above, the Stone Defendants may not unilaterally decide to begin their discovery review and responses until after reviewing subpoenaed documents. The Stone Defendants have the obligation to obtain documents and information that is responsive to discovery within their possession, custody, and control, which includes their agents such as their accountants. *See Boldstar Tech.*, 2008 WL 11320010, at *2. The subpoena to the Stone Defendants' accountant is no excuse for shirking this obligation.

**V.      Requests for Production—Objection to Scope Bertran Trust (No. 3)**

This request seeks documents sufficient to identify any assets the Bertran Trust holds or has held. The Bertran Trust objects to this request as "beyond the scope of Rule 26 and disproportionate to the needs of the case." The trust can't avoid discovery with this type of overbroad, non-specific objection. Doc. 45 at 1-2. The trust may respond to this request by listing its assets, or confirming that the Stone Residence is its only asset, Exhibit I at 5.

**VI.      Requests for Production—No Date for Production: Bertran Trust (No. 4)**

The trust states it will produce in response to Request No. 4 within a "reasonable time," (Exhibit H at 4), but it is required to state a specific (and reasonable) date for production. FED. R. CIV. P. 34(b)(2)(B). The Court should order a specific date.

**Conclusion**

The Stone Defendants' can't avoid discovery because the United States issued a subpoena to their accountants. At this point, the Stone Defendants have had months to produce documents and substantive answer interrogatories. After multiple telephone conferences, it is apparent that they won't do so without the Court's intervention.

## <u>CERTIFICATION OF PRE-FILING CONFERENCE UNDER LOCAL RULE 7.1(a)(3)</u>

In accordance with LOCAL RULE 7.1(a)(3) and the General Order on Discovery Objections and Procedures governing this case (ECF No. 45 at Attachment A), the undersigned counsel certifies that the parties have engaged in a meaningful telephone conference but have unable to resolve the deficient responses the Stone Defendants provided in response to the discovery requests described in the Table of Exhibits. Upon receiving those discovery responses, the United States sent a letter (Exhibit I) to counsel for the Stone Defendants on April 27, 2022, identifying the specific deficiencies and requesting a telephonic conference to remedy the insufficient responses. Following an exchange of scheduling e-mails, counsel for the United States, Chris J. Coulson, and counsel for the Stone Defendants, Brian R. Harris, held three telephonic conferences on Monday, May 9, 2022, Thursday, May 12, 2022, and Monday May 16, 2022 in an attempt to resolve the discovery dispute set forth in this motion. See Exhibit J. At the first conference, the parties discussed the United States' letter, and agreed to adjourning the conference until May 12 to provide the Stone Defendants with additional time to consider a response. During the second May 12 telephonic conference, the parties again discussed the United States' letter, and Mr. Harris reported that, upon additional review of the letter, the Stone Defendants had not committed to revising their discovery responses or to a specific date for document production. As the parties appeared to be at an impasse, counsel for the United States Chris Coulson stated that the United States would move forward with a motion to compel unless the Stone Defendants changed their position. Mr. Coulson sent an e-mail to all counsel of record for the Stone Defendants later that same day, reiterating the United States' position. Exhibit J. Messrs. Coulson and Harris held one final telephone conference on May 16, at which Mr. Harris explained that he still had not received a commitment from the Stone Defendants to revise their responses or produce documents, and Mr. Coulson explained that the United States would

i

therefore seek the Court's assistance to resolve this dispute. The United States remains

committed to resolving some or all of the issues in dispute, if possible, and will file a notice in

CM/ECF in accordance with Judge Snow's procedures (Doc. 45) if an agreement is reached.

Date:  May 19, 2022

                                   Respectfully submitted,

                                   David A. Hubbert
                                   Deputy Assistant Attorney General

              By:

                                   **Christopher J. Coulson**
                                   CHRISTOPHER J. COULSON
                                   Florida Special Bar No. A5502672
                                   Christopher.J.Coulson@usdoj.gov
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice
                                   Post Office Box 14198
                                   Ben Franklin Station
                                   Washington, D.C. 20044
                                   Telephone:  (202) 353-0061
                                   Facsimile:  (202) 514-4963
                                   Attorney for Plaintiff United States

                                   *Of Counsel*

                                   JUAN ANTONIO GONZALEZ
                                   United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

                                   */s/ Christopher J. Coulson*
                                   Trial Attorney
                                   United States Department of Justice, Tax Division