UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

                                CASE NO. 21-60825-RAR

v.

ROGER J. STONE, et al.,

        Defendants.

_____/

**ROGER STONE'S RESPONSE TO UNITED STATES'
AMENDED FIRST SET OF INTERROGATORIES**

Defendant Roger Stone serves this Response to the United States' Amended First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33.

**PRELIMINARY STATEMENT**

1. All of the responses contained herein are based solely upon information and documents that are presently available to and specifically known to Defendant. The responses reflect Defendant's present state of knowledge regarding the documents and information sought in the Requests. Defendant reserves the right to supplement or amend these responses in accordance with the Federal Rules of Civil Procedure if he obtains additional information.

2. Defendant's responses are not intended to be and shall not be deemed as an admission of the matters stated, implied, or assumed by the Requests. In responding to the Requests, Defendant neither waives nor intends to waive, but expressly intends to preserve and reserve: (a) any and all objections to the authenticity, relevance, competency, materiality, or admissibility at any proceeding including the trial in this or any other matter of any information or

documents disclosed, identified, or referred to in response to the Requests; (b) all rights to object on any ground to the use of any of the documents or information produced or disclosed in response to the Requests in any proceeding including the trial in this or any other matter; and (c) the right to object to other discovery or inquiry involving or relating to the subject matter of any information or documents disclosed in response to these Requests. No objection or limitation, or lack thereof, made in these responses should be deemed an admission by Defendants as to the existence or nonexistence of any responsive information.

3. The Requests may use isolated terms that may have many possible meanings. Defendant has attempted to respond to the best of his ability, but objects to this ambiguity and reserves the right to supplement or revise his responses.

5. In addition to the specific objections below, Defendant objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege. To the extent that any privileged or otherwise protected information is produced inadvertently in response to the Requests, such production shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or protection regarding that information, or of any ground to object to the discovery of such information.

## RESPONSES AND OBJECTIONS

1. Identify all your financial accounts for the years 2017 to the present, including any account that you owned, had an interest in, for which you made use of the credit of funds in the account, that were held in your name or for your benefit, or for which you had signature authority during that time, including an identification of the account number, the name(s) in which each account was held, the financial institution where it was held, and the type of the account (e.g., checking, saving, credit, loan, investment, brokerage, etc.), further including the date on which the account was opened, and a list of the persons or entities with signature authority for the account.

    Response to Interrogatory No. 1

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

2. Identify all payments made by Drake Ventures of the Stones' personal expenses from January 1, 2017 to the present, including an identification of the reason(s) for the transfers.

Response to Interrogatory No. 2

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

3. Identify all of the checks made payable to Roger Stone that were deposited into Drake Ventures' bank accounts from 2017 to the present.

Response to Interrogatory No. 3

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

4. Identify all of the funds that the Stones transferred from their personal bank account to Drake Ventures' accounts from January 1, 2017 to the present, including an identification of the purpose of the transfer(s).

Response to Interrogatory No. 4

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

5. Identify the bases for your statement that "[s]uch amounts were properly accounted for by Drake Ventures in its books and records and on its federal income tax returns" in the Answer (Doc. 31 at ¶ 30), including an identification of all documents that support your statement and an identification of any persons with knowledge regarding your statement.

Response to Interrogatory No. 5

This statement was based upon the personal knowledge of the litigants. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

Defendant objects to this interrogatory to the extent that it seeks "identification of all documents that support your statement," etc., because such a request does not describe with reasonable particularity any category of documents, invades work product privilege, and is unduly burdensome. As phrased, it effectively deputizes defendant and his attorneys to serve as agents of the government, requiring defendant to investigate all documents in his possession, custody, or control, and to determine whether those documents support the identified statement—*i.e.*, make judgments concerning those documents' relevance and evidentiary value—and report that information to the Government. (*Cf.* Rule 26(a)(1)(ii), requiring the disclosure of that *the disclosing party may use* to support its claims or defenses.).

6. Identify the bases for your statement that ". . . Drake Ventures paid the Stones' personal tax liabilities. . . . these amounts were treated as income to the Stones." in the Answer (Doc. 31 at ¶ 31), including an identification of all documents that support your statement and an identification of any persons with knowledge regarding your statement.

Response to Interrogatory No. 6

This statement was based upon the personal knowledge of the litigants. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

Defendant objects to this interrogatory to the extent that it seeks "identification of all documents that support your statement," etc., because such a request does not describe with reasonable particularity any category of documents, invades work product privilege, and is unduly burdensome. As phrased, it effectively deputizes defendant and his attorneys to serve as agents of the government, requiring defendant to investigate all documents in his possession, custody, or control, and to determine whether those documents support the identified statement—*i.e.*, make judgments concerning those documents' relevance and evidentiary value—and report that information to the Government. (*Cf.* Rule 26(a)(1)(ii), requiring the disclosure of that *the disclosing party may use* to support its claims or defenses.).

7. Identify the bases for your statement that "[t]his money was treated as a distribution to the Stones from Drake Ventures, and in turn a contribution to the Bertran Trust." in the Answer (Doc. 31 at ¶ 46), including an identification of all documents that support your statement and an identification of any persons with knowledge regarding your statement

Response to Interrogatory No. 7

This statement was based upon the personal knowledge of the litigants. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its

document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

Defendant objects to this interrogatory to the extent that it seeks "identification of all documents that support your statement," etc., because such a request does not describe with reasonable particularity any category of documents, invades work product privilege, and is unduly burdensome. As phrased, it effectively deputizes defendant and his attorneys to serve as agents of the government, requiring defendant to investigate all documents in his possession, custody, or control, and to determine whether those documents support the identified statement—*i.e.*, make judgments concerning those documents' relevance and evidentiary value—and report that information to the Government. (*Cf.* Rule 26(a)(1)(ii), requiring the disclosure of that *the disclosing party may use* to support its claims or defenses.).

8. Identify the bases for your denial of the allegation in Paragraph 54 of the Complaint that "[t]he Stones received no consideration from the Bertran Trust for the titling of the Stone Residence in the name of the trust," including a description of the consideration you received, an identification of any documents that support your denial and an identification of any persons with knowledge of the factual bases for your denial.

Response to Interrogatory No. 8

This denial was based upon the personal knowledge of the litigants. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

Defendant objects to this interrogatory to the extent that it seeks "identification of all documents that support your statement," etc., because such a request does not describe with reasonable particularity any category of documents, invades work product privilege, and is unduly burdensome. As phrased, it effectively deputizes defendant and his attorneys to serve as agents of the government, requiring defendant to investigate all documents in his possession, custody, or control, and to determine whether those documents support the identified statement—*i.e.*, make judgments concerning those documents' relevance and evidentiary value—and report that information to the Government. (*Cf.* Rule 26(a)(1)(ii), requiring the disclosure of that *the disclosing party may use* to support its claims or defenses.).

9. If you contest the amounts alleged in the complaint, state the amount that you contend the Stones currently owes for income tax, penalties, and interest for the tax years at issue in the complaint (2007 through 2011), including the bases for your contention and any documents that support your contention.

Response to Interrogatory No. 9

Defendant objects to this interrogatory to the extent that it seeks "identification of any documents that support your contention," etc., because such a request does not describe with reasonable particularity any category of documents, invades work product privilege, and is unduly burdensome. As phrased, it effectively deputizes defendant and her attorneys to serve as agents of the government, requiring defendant to investigate all documents in her possession, custody, or control, and to determine whether those documents support the identified contention—*i.e.*, make judgments concerning those documents' relevance and evidentiary value—and report that information to the Government. (*Cf.* Rule 26(a)(1)(ii), requiring the disclosure of that *the disclosing party may use* to support its claims or defenses.).

At this time, Defendant is still evaluating the amounts asserted in the complaint against its records, and discovery is continuing in this case. Defendant has not determined whether he will contest the amount alleged in the complaint. Once Defendant determines whether to contest this liability, Defendant will supplement this interrogatory accordingly.

10. If you contest the amount alleged in the complaint, state the amount that you contend Roger Stone currently owes for income tax, penalties, and interest for the tax year 2018, including the bases for your contention and any documents that support your contention.

Response to Interrogatory No. 10

Defendant objects to this interrogatory to the extent that it seeks "identification of any documents that support your contention," etc., because such a request does not describe with reasonable particularity any category of documents, invades work product privilege, and is unduly burdensome. As phrased, it effectively deputizes defendant and her attorneys to serve as agents of the government, requiring defendant to investigate all documents in her possession, custody, or control, and to determine whether those documents support the identified statement—*i.e.*, make judgments concerning those documents' relevance and evidentiary value—and report that information to the Government. (*Cf.* Rule 26(a)(1)(ii), requiring the disclosure of that *the disclosing party may use* to support its claims or defenses.).

At this time, Defendant is still evaluating the amounts asserted in the complaint against his records, and discovery is continuing in this case. Defendant has not determined whether he will contest the amount alleged in the complaint. Once Defendant determines whether to contest this liability, he will supplement this interrogatory accordingly.

11. Identify the source of funds that were used for the purchase of the Stone Residence, including an identification of the person(s) (entitles or natural persons) from whom the funds originated, an identification of all documents that show the direct and indirect source of funds and an identification of any persons with knowledge of the source of funds.

Response to Interrogatory No. 11

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

12. Identify all accountants (including bookkeepers) that you retained (including any you have employed or whose services you have used) during the years 2007 to the present.

Response to Interrogatory No. 12

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they

possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

13. Identify all entities for which you are (or have been) an officer, employee, or shareholder, from 2017 to the present, including the name of the entity and your role in the entity, further including an identification of other officers and shareholders in entity.

   Response to Interrogatory No. 13

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers the United States to its document production, including specifically the documents that the United States obtained from its subpoenas to Olesiewicz & DeAquino, PA and Anthony DeAquino, from which the answer to this interrogatory may be readily determined.

The Stone Defendants have not yet been able to review this production, but once the United States makes the documents available, the Stone Defendants will review them to determine if they possess any responsive documents that have not already been produced, and if so, will supplement their answer to this request.

14. If you contend that the federal tax liens described in the complaint do not attach to the Stone Residence, state the factual and legal basis for that contention.

   Response to Interrogatory No. 14

At this time, based on the currently available information, Defendant does not contend that the federal tax liens in the complaint do not attach to the Stone Residence. If Defendant obtains additional information that might affect this response, such as through discovery or otherwise, he will supplement it accordingly.

15. If you contend that the federal tax liens described in the complaint cannot be enforced against the Stone Residence, state the factual and legal basis for that contention.

Response to Interrogatory No. 15

At this time, based on the currently available information, Defendant does not contend that the federal tax liens in the complaint cannot be enforced against the Stone Residence. Defendant understands this to be different than whether the court should order foreclosure as an equitable remedy. If Defendant obtains additional information that might affect this response, such as through discovery or otherwise, Defendant will supplement it accordingly.

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on Apr 26, 2022.

Roger Stone
Roger Stone (Apr 26, 2022 20:18 EDT)

**FOGARTY MUELLER HARRIS, PLLC**

/s BRIAN R. HARRIS
Brian R. Harris
brian@fmhlegal.com
FL Bar No. 512001
100 E. Madison Street
Suite 202
Tampa, FL 33602
Telephone: (813) 682-1720

*Counsel for Stone Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, a true and correct copy of the foregoing was served by email on counsel for the Government at the on all counsel or parties of record.

By: <u>/s/ Brian Harris</u>
Brian Harris